# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANTONINO GIULIANO,**

**Petitioner,**

**Case No. 6:07-cv-1357-Orl-22KRS**
**(6:06-cr-239-Orl-22KRS)**

**-vs-**

**UNITED STATES OF AMERICA,**

**Respondent.**

---

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government filed a response (Doc. 10) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner thereafter filed a reply (Doc. 12) to the Government's response.

Petitioner alleges three claims for relief in his motion: (a) his attorney provided ineffective assistance of counsel (claim one); (b) there was "substantial bias and outright prevarication" in the presentence report prepared by the United States Probation Office (claim two); and (c) the Court imposed a sentence that departed from the provisions of the plea agreement and that was based on "unwarranted enhancement[s]" (claim three).

### *I. Procedural History*

Petitioner was charged in a two-count information with mail fraud (count one) and theft of government property (count two). (Criminal Case No. 6:06-cr-239-Orl-22KRS, Doc. 1, filed

December 19, 2006).[1] On January 10, 2007, pursuant to a written plea agreement (Criminal Case Doc. 22), Petitioner entered a plea of guilty to both counts of the information before United States Magistrate Judge Karla R. Spaulding. *See* Criminal Case Doc. 13. Magistrate Judge Spaulding entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty of both counts of the information and have sentence imposed accordingly (Criminal Case Doc. 20). The Court accepted the plea and adjudicated Petitioner guilty of mail fraud and theft of government property (Criminal Case Doc. 24). A sentencing hearing was conducted, and Petitioner was sentenced to concurrent 108-month terms of imprisonment (Criminal Case Doc. 43). Petitioner did not directly appeal his convictions or sentences.

## *II. Claim One*

Petitioner argues that he received ineffective assistance of counsel because his attorney: (a) erroneously predicted his ultimate sentence; (b) failed to request a pre-plea PSR; (c) inappropriately advised him regarding a home visit by the United States Probation Office; (d) failed to turn over Petitioner's financial and employment information to the Government for preparation of the PSR; (e) failed to solicit favorable victim letters and testimony in preparation for sentencing; (f) failed to present various objections to the PSR at sentencing; (g) failed to present the results of a pre-sentence investigation at sentencing; (h) failed to call his mother to testify at the sentencing hearing; (i) failed to prepare Petitioner for his own testimony at the sentencing hearing; and (j) failed to effectively argue against any of the sentencing enhancements applied to his case.

---

[1] Criminal Case No. 6:06-cr-239-Orl-22KRS will be referred to as "Criminal Case."

***A. The Legal Standard***

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that Petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires Petitioner to show that the deficient performance prejudiced the defense. *Id*. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

***B. Issues (a) and (b)***

To the extent Petitioner suggests that his attorney's alleged erroneous prediction as to his ultimate sentence and his attorney's alleged failure to request a pre-plea presentence report had an impact on his guilty plea, these claims are denied as meritless. The record shows that at the change of plea hearing, the magistrate judge asked Petitioner whether he understood that his attorney's prediction as to the sentence to be imposed might not be accurate and that any inaccuracy would not give rise to withdrawal of the plea. (Criminal Case Doc. 49 at 24.) Petitioner, while under oath, indicated that he understood. *Id*. These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The Court cannot say that the attorney's inability to predict Petitioner's sentence constituted deficient performance, as the attorney could not possibly know precisely how the Court would weigh all of the sentencing factors prior to the sentencing hearing. Further, Petitioner has nowhere suggested that, absent his attorney's alleged errors, he would not have pled guilty and would have insisted on going to trial. In fact, elsewhere in the instant motion, Petitioner avers: "It would not have served either the United States or me well, if I was to dig in my heels and force the United States to prove its case, simply for a few more months of freedom." (Doc. 1 at 9.) As Petitioner has shown neither deficient performance nor prejudice, these claims must be denied.

***C. Issues (c) through (j)***

Inasmuch as the remainder of Petitioner's ineffective assistance claims relate to sentencing matters, the Court finds that Petitioner waived these claims by entering into the written plea agreement (Criminal Case Doc. 22). Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to **appeal** [his] sentence or to **challenge it collaterally** on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id*. at 10-11 (emphasis added). During his change of plea hearing, Petitioner specifically acknowledged that he had discussed this waiver with his counsel. In addition, upon direct inquiry by

the magistrate judge, Petitioner acknowledged he was giving up "some of [his] rights to appeal directly or to collaterally challenge a mistake in [his] sentence." (Criminal Case Doc. 49 at 21).

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. Thus, to the extent that Petitioner knowingly and voluntarily entered into the waiver of collateral relief, his ineffective assistance claims relating sentencing are waived.

A review of the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Furthermore, all of the ineffective assistance claims asserted by Petitioner in the instant § 2255 motion, save those raised as issues (a) and (b), concern matters that have no bearing on the validity of the plea or the waiver. Since the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering Petitioner's claims as to issues (c) through (j).

***III. Claims Two and Three***

These claims are not cognizable under § 2255. Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Thus, a federal prisoner may only obtain relief under § 2255 if his or her sentence (a) was imposed in violation of the Constitution or federal laws, (b) was imposed by a court without jurisdiction to do so, (c) was in excess of the maximum permitted by the law, or (d) is otherwise subject to attack. Petitioner has not shown the applicability of any of these four grounds regarding claims two and three. Therefore, these claims are not cognizable under § 2255 and must be denied.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Antonino Giuliano (Doc. 1) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-239-Orl-22KRS.

4. The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. 47) filed in criminal case number 6:06-cr-239-Orl-22KRS.

---

[2] Furthermore, the Court notes that these claims are all waived under the waiver provision in Petitioner's plea agreement.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on March 20, 2008.

Copies furnished to:

Antonino Giuliano
Counsel of Record

ANNE C. CONWAY
United States District Judge